UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

_____x

ZHEJIANG QIANDAOHU FUNDAY
AQUATIC PRODUCTS CO. LTD.,                    Civil No.: 13-11197

        Plaintiff,

  -against-

MARINER SEAFOOD LLC d/b/a                     **COMPLAINT**
MARINER SEAFOOD MARKETING,

        Defendant
_____x

Plaintiff ZHEJIANG QIANDAOHU FUNDAY AQUATIC PRODUCTS CO. LTD. ("ZHEJIANG"), by and through its attorneys, JOEL FAVAZZA, ESQ. alleges upon information and belief as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2) inasmuch as the matter in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of a State and citizens of a foreign state.  Venue is proper in that defendant is headquartered in this District.

## PARTIES

2. At and during all the times hereinafter mentioned, Plaintiff ZHEJIANG was and now is a producer and exporter of frozen fish products, organized and existing and by virtue of the laws of the People's Republic of China, with an office and principal place of business at No. 369 Muzhou Road, Hangzhou, Zhejiang, China.

3. At and during all times hereinafter mentioned, Defendant MARINER SEAFOOD LLC, d/b/a MARINER SEAFOOD MARKETING ("MARINER"), was and now is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, with an office and place of business at 14 South Street, New Bedford, Massachusetts.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

4. In September of 2011, defendant MARINER issued its following Purchase Orders to plaintiff ZHEJIANG: Purchase Order No. 4918, Purchase Order No. 4919, Purchase Order No. 4920, Purchase Order No. 4921, Purchase Order No. 4922, Purchase Order No. 4923 and Purchase Order No. 5020.

5. Pursuant to these Purchase Orders, plaintiff ZHEJIANG agreed to sell and deliver to defendant MARINER, certain quantities of frozen catfish fillets for the agreed total price of $1,124,025.00.

6. Pursuant to these Purchase Orders and the sales/purchase agreement between the parties, plaintiff ZHEJIANG did sell and deliver the agreed-upon quantities of frozen catfish fillets, but save for a payment of $364,398.00, defendant MARINER has failed to pay for the goods it has received, leaving an unpaid balance of $759,627.00 due and owing, all in breach of its sales/purchase agreement with plaintiff ZHEJIANG.

7. By reason of the premises, plaintiff ZHEJIANG has suffered damages in the sum of $759,627.00, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION
### (FUNDAMENTAL BREACH OF CONTRACT OF SALE GOODS – CISG)

8. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 7 hereof with the same force and effect as though the same were set forth herein in full and at length.

9. Inasmuch as the United States and the People's Republic of China are "Contracting States," this action is governed by the United Nations Convention On Contracts For The International Sale of Goods, 1980 ("CISG").

10. Plaintiff ZHEJIANG completed its obligations as seller of the goods pursuant to Article 30 of CISG.

11. Defendant MARINER breached its obligations as buyer of the goods pursuant to Article 53 of CISG.

12. Plaintiff ZHEJIANG is entitled damages, to wit, $759,627.00, plus accrued interest, in accordance with, and pursuant to, Articles 74 and 78 of CISG.

13. By reason of the premises, plaintiff ZHEJIANG has suffered damages in the sum of $759,627.00, no part of which has been paid, although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION
### (*QUANTUM VALEBAT*/UNJUST ENRICHMENT)

14. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 13 hereof, with the same force and effect as though the same were set forth herein in full and at length.

15. By reason of the premises, and because defendant MARINER has failed to pay for goods delivered to it by plaintiff ZHEJIANG, defendant MARINER has been unjustly enriched at the expense of plaintiff ZHEJIANG.

16. In the circumstances, equity and good conscience dictate that defendant MARINER recompense plaintiff ZHEJIANG in *quantum valebat* for the value of the goods sold and delivered by ZHEJIANG to MARINER.

17. By reason of the premises, plaintiff ZHEJIANG is entitled to a *quantum valebat* award of damages for the value for the value of the goods sold but not paid for, to wit, $759,627.00.

WHEREFORE, plaintiff ZHEJIANG QIANDAOHU FUNDAY AQUATIC PRODUCTS CO. LTD. prays:

(a) That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

(b) That judgment be entered in favor of Plaintiff and against the Defendant on the First Cause of Action in the sum of $759,627.00, together with interest, costs and disbursements;

(c) That judgment be entered in favor of Plaintiff and against the Defendant on the Second Cause of Action in the sum of $759,627.00, together with interest, costs and disbursements;

(d) That judgment be entered in favor of Plaintiff and against the Defendant on the Third Cause of Action in the sum of $759,627.00, together with interest, costs and disbursements;

(e) That this Court will grant to Plaintiff such other, further and different relief as to this Court may seem just and proper.

Dated: May 15, 2013

                JOEL FAVAZZA, ESQ.
                Attorney for Plaintiff

By:   /s/ Joel Favazza
       Joel Favazza
       Seaside Legal Solutions, P.C.
       P.O. Box 1172
       Gloucester, MA 01931
       P. 978-627-4500
       F. 978-290-5800
       jfavazza@seasidelegalsolutions.com

X:\Public Word Files\0\1066\LEGAL\COMPLAINT. sa.doc